**In the Matter of the Estate of HEINRICH AH MAI,
Deceased**

**IVA AH MAI, Administratrix**

High Court of American Samoa
Trial Division

PR No. 25-89

February 28, 1990

55

Before REES, Associate Justice, AFUOLA, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Petitioner, Charles V. Ala'ilima

Petitioner, the administratrix of her deceased child's estate, has submitted a final accounting for approval by the Court. The sole asset listed is a $ 15,000 tort settlement. We requested further information about this settlement from counsel for petitioner and for the American Samoa Government, the other party to the settlement. It now appears that the $ 15,000 was intended by the parties as full settlement of a claim for wrongful death of the decedent and also of a related claim for the decedent's pain and suffering prior to his death.

The American Samoa wrongful death statute provides that "[t]he personal representative of the wronged decedent, if he was appointed in the Territory of American Samoa, *with the consent of the court making such appointment*, may, at any time *before or after the commencement of the suit*, settle with the defendant the amount to be paid." A.S.C.A. § 43.5001(d) (emphasis added). The companion statute governing the survival of actions belonging to a deceased person, A.S.C.A. § 43.5002, contains no provision requiring judicial approval for a settlement. If the $ 15,000 listed as the sole asset of the estate had resulted from settlement of the survival claim only, we could approve the accounting. Insofar as it is also in settlement of the wrongful death claim, however, A.S.C.A. § 43.5001 clearly requires the personal representative of the deceased (in this case the petitioner/ administratrix) to secure approval of the Court for any settlement, even a settlement reached "before . . . commencement of the suit."

We have received no request for approval of the proposed settlement. It therefore affirmatively appears on the record before us that the estate has no assets. The final accounting must therefore be disapproved.

As was noted in our request for information about the settlement, the requirement that administrators obtain judicial approval for the settlement of wrongful death claims would appear to be motivated by concern for the rights of absent parties. The present decedent was survived not only by his parents, the present petitioner and her husband, but also by several minor siblings. If petitioner should seek judicial approval for a wrongful death settlement that excludes the brothers and

56

sisters, she should provide the Court with an explanation for such exclusion. (If petitioner takes the position that the decedent's brothers and sisters are not included within the class of eligible beneficiaries in a wrongful death action under A.S.C.A. § 43.5001(b), she should address the authorities cited in our earlier opinion.)

It is so ordered.